UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NOS: 20-106 & 22-194** |
| **RYAN P. MULLEN** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Ryan Mullen's Motion for Delay of Self-Surender (Doc. 364). The Court held a telephone status conference on July 30, 2024, to discuss the Motion.[1] For the following reasons, the Motion is **DENIED**.

## BACKGROUND

On October 18, 2023, Defendant Ryan Mullen pleaded guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371 and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). On March 20, 2024, he was sentenced to a term of imprisonment of 120 months. The Court ordered that the sentence "shall run consecutive for 40 months and concurrent for 50 months to the term of imprisonment imposed in" another criminal matter before this Court, *United States v. Mullen*, Docket No. 20-cr-

---

[1] In this telephone status conference, defense counsel objected to the Court's denial of the instant Motion.

1

106.[2] Defendant was ordered to self-surrender at the institution designated by the Bureau of Prisons on or before noon on June 20, 2024.[3]

On the morning of his original self-surrender date, Defendant requested that this Court delay his self-surrender date to October 1, 2024. After a telephone status conference with the Government and defense counsel, the Court granted the *ex parte* motion in part, continuing his self-surrender date to August 1, 2024.[4] Now before the Court is Defendant's second Motion for Delay of Self-Surrender.[5]

## LAW AND ANALYSIS

Defendant asserts the following reasons in support of his request for a second continuance of his self-surrender date: (1) he has been unable to find a caregiver for his 30-month-old son; (2) he needs to "aid counsel and his new accountant" in preparing a defense to charges in Mississippi state court; (3) he needs to assist counsel in preparation for the upcoming restitution hearing and also has a constitutional right to be present at that hearing.[6] The Court does not find any of these reasons to be compelling or to justify a second continuance.

First, the Court notes that "[s]elf-surrender is a *privilege* that is afforded to low-risk defendants in order to save the government the expense of

---

[2] Case No. 22-cr-194, Doc. 325 at 2.
[3] Case No. 22-cr-194, Doc. 328.
[4] The parties agreed to a brief continuance of Mullen's surrender date to the day following his restitution hearing. The restitution hearing was set for July 31, 2024. However, on July 25, 2024, the Court granted an *ex parte* motion to continue the restitution hearings of Defendant Mullen and his co-defendant Duane Dufrene to allow "additional time to prepare for complicated financial issues that will be the subject of the restitution hearing." *See* Case No. 20-cr-106, Doc. 220 at 1; Case No. 20-cr-106, Doc. 221. Defendant Mullen's restitution hearing is presently set for September 25, 2024. Case No. 20-cr-106, Doc. 221.
[5] Case No. 22-cr-194, Doc. 364.
[6] *See id.*

transportation and to make the transition to confinement as humane as possible."[7] Defendant initially pled guilty in Case No. 20-cr-106 in March of 2022, and he thereafter pled guilty in Case No. 22-cr-194 in October of 2023. He was sentenced to a term of imprisonment in March of 2024. Despite the lapse of over two years following entry of his first plea of guilty, the Court—considering Defendant's unique circumstances—granted him the privilege of self-surrendering to the Bureau of Prisons on or before June 20, 2024. And then the Court granted Defendant's first request for a continuance based upon his alleged continued inability to find a caregiver for his son. However, absent any change in circumstances from the time he last requested a continuance on that basis, and absent any assurances that he will now be able to find a caregiver if indeed granted a second continuance, the Court is not inclined to grant Defendant's request to continue his surrender date based upon the alleged inability to find a caregiver for his son.

Additionally, Defendant's ability to aid counsel in preparing for the sentencing hearing before this Court and in preparing a defense to his pending Mississippi state court charges will remain unchanged by surrendering to the Bureau of Prisons. Though defense counsel may not have the same ease of access to Mr. Mullen, the Court declines to continue his surrender date for convenience's sake. Defendant has been well-aware of the complex valuation issues implicated in this case,[8] yet he has twice waited until the eve of his surrender date to request a continuance in order to prepare for these issues. And while the Court remains cognizant of Mr. Mullen's constitutional right to

---

[7] United States v. Bolton, No. 2:16-CR-7-KS-MTP, 2017 WL 1652588, at *5 (S.D. Miss. May 1, 2017) (citing United States v. Savage, 888 F.2d 528, 529 (7th Cir. 1989); United States v. Polouizzi, 760 F. Supp. 2d 284, 288 (E.D.N.Y. 2011)) (emphasis added).

[8] Though not all, many of the valuation issues were raised and thoroughly briefed by Defendant prior to sentencing. *See* Case No. 20-cr-106, Doc. 169.

be present at the restitution hearing, his presence may be ordered by the Court upon motion of defense counsel.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Delay of Self-Surrender (Doc. 364) is **DENIED**.

New Orleans, Louisiana this 31st day of July, 2024.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**